## Elias B. Anderson, Appellant, v. William P. Benson et al., Appelees.

### Gen. No. 5,953.   (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

### Statement of the Case.

Suit in equity by Elias B. Anderson against William P. Benson, Louis A. Bittorf and Herman V. Bittorf to compel an accounting of profits made by defendants in manufacturing "Big Four Barn Door Hangers," a patented article, which complainant alleged he invented and furnished a sketch of to defendants about ten years before this suit was begun, and that defendants then promised if they could make use of the invention they would do so and inform complainant and pay him what it was reasonably worth. It was also alleged that defendants immediately began and have since continued the manufacture and sale of said article in large quantities and sold it extensively; that they obtained a patent therefor as the invention of one of the defendants and that complainant did not learn of such manufacture and sale until just before filing his bill. The answer denied the allegations that complainant was inventor of the article, denied any contract with him in relation thereto, and claimed it was an invention of one of the defendants. The cause was referred to a master who reported a finding that complainant had failed to establish his case by a preponderance of the evidence. The chancellor approved the master's report and dismissed the bill. From the decree, complainant appeals.

A. A. WOLFERSPERGER, for appellant.

HENRY C. WARD, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. PATENTS, § 21*—*when finding as to arrangement for use of an invention sustained by the evidence.* On bill to compel an accounting of profits made in manufacturing and selling a patented article which complainant alleged that he invented and furnished a sketch of to the defendants about ten years before the bill was filed, and that defendants had promised if they could make use of the invention they would so inform the complainant and pay him what it was reasonably worth, a finding of facts by the master approved by the chancellor that complainant had failed to establish by a preponderance of the evidence his alleged arrangements with defendants, *held* sustained by the evidence.

2. APPEAL AND ERROR, § 1399*—*when finding of facts by master conclusive.* A finding of facts by the master approved by the chancellor is conclusive upon appellant and supports the action of the court in dismissing his bill, unless the Appellate Court can say that the decree was clearly and palpably contrary to the weight of the evidence.

3. PATENTS, § 21*—*evidence tending to show laches.* On bill to compel an accounting for the profits derived from the manufacture, and sale of a patented article which complainant alleged he invented and of which he alleged he furnished defendants a sketch about ten years before filing the bill, under an arrangement that defendants were to pay for it in case they made use of it, *held* that evidence to the effect that the article had been in use for several years where complainant must have repeatedly seen it, and allegations of complainant's bill that it was extensively manufactured and sold by defendants, were considerations not only tending to support a defense of laches but also to impeach complainant's testimony that he was author of the invention and had not before asserted his rights because he did not know of its use.